**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN THE MATTER OF:

MARK K. RYAN
KAREN LYNNE RYAN
                     Debtors

CHAPTER **13**
Case No. 14-32574-JDA
Judge Joel D. Applebaum

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND**
**TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;**
**NOTICE TO CREDITORS OF OBLIGATION TO**
**FILE A RESPONSE AND RIGHT TO OBJECT; AND**
**NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

*Please read this Report carefully. It advises you of certain*
*rights and deadlines imposed pursuant to the law.*
**Your rights may be adversely affected.**

Carl L. Bekofske, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports to the Court that the above-named Debtors have completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

      **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTORS HAVE PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

      **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTORS OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTORS CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

      *PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTORS, DEBTORS' COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

**RIGHTS AND DUTIES OF DEBTOR**

**Duty of Debtors regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtors are eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtors from any obligation on any continuing secured debt payments that come due after the date of the Debtors' last payment under the Plan.

*See* E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

*See* E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtors have failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtors are not current in any payments the Debtors were authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtors; or

    (b) There is pending any proceeding in which the debtors' may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtors have made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtors are current in all payments Debtors were authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

   (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtors; or

   (b) There is pending any proceeding in which the debtors may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-FLINT
Carl L. Bekofske, Chapter 13 Standing Trustee

Dated: December 01, 2020

/s/ Carl L. Bekofske
CARL L. BEKOFSKE (P16045)
MELISSA CAOUETTE (P62729)
400 N. Saginaw St. STE 331
Flint, MI 48502-2045
Telephone (810) 238-4675

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

**IN THE MATTER OF:**
MARK K. RYAN
KAREN LYNNE RYAN
               Debtors

CHAPTER 13
Case No. 14-32574-JDA
Judge Joel D. Applebaum

## PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

     I hereby certify that on December 01, 2020, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

     The following parties were served electronically:

Rex C. Anderson Pc

     The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Sherry Beasinger
_____
Sherry Beasinger
For the Office of the Chapter 13 Standing Trustee-Flint
400 N. Saginaw St. STE 331
Flint, MI 48503-2045
(810) 238-4675

MARK K. RYAN
KAREN LYNNE RYAN
922 VILLAGE DR.
DAVISON, MI  48423

ACCOUNTS RECIEVABLE SOLUTION
301 N CLINTON AVE
SAINT JOHNS, MI 48879

ALLY FINANCIAL
PO BOX 78369
PHOENIX, AZ 85062

C.A.R.M.
PO BOX 358
CADILLAC, MI 49601

CBM SERVICES
300 RODD ST.
SUITE 2O2
MIDLAND, MI 48640

DEPT OF EDUCATION
FEDERAL LOAN SERVICING
PO BOX 530210
ATLANTA, GA 30353-0210

FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS, SD 57107

GENESYS REGIONAL MEDICAL CENTER
5445 ALI DRIVE
GRAND BLANC, MI 48439

GM FINANCIAL
801 CHERRY STREET, SUITE 3900
(PO BOX 183853)
FORT WORTH, TX 76102

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101

LANSING AUTOMAKERS FEDERAL CREDIT UNION
C/O SMITH & JOHNSON, ATTORNEYS
603 BAY STREET, PO BOX 705
TRAVERSE CITY, MI 49685

LJ ROSS
PO BOX 6099
JACKSON, MI 49204

MICHIGAN DEPARTMENT OF TREASURY/REVENUE/AG
PO BOX 30456
LANSING, MI 48909-7955

MICHIGAN DEPT OF TREASURY
PO BOX 30199
ATTN BANKRUPTCY UNIT -PAYMENTS
LANSING, MI 48922

MMCC
6324 TAYLOR DR
FLINT, MI 48507-4685

ORANGE LAKE COUNTRY CLUB
8505 W IRLO BRONSON MEM HWY
KISSIMMEE, FL 34747

PRA RECEIVABLES MANAGEMENT
PORTFOLIO RECOVERY ASSOC, LLC
PO BOX 12914
NORFOLK, VA 23541

RICHARD C ANGELO, JR
PO BOX 329
GRAND BLANC, MI 48480-0329

SCHNEIDERMAN & SHERMAN PC
23938 RESEARCH DRIVE
SUITE 300
FARMINGTON HILLS, MI 48335

SETERUS, INC.
PO BOX 1047
HARTFORD, CT 06143

SMITH & JOHNSON, ATTORNEYS, PC
603 BAY STREET
PO BOX 705
TRAVERSE CITY, MI 49685

SN SERVICING CORP
323 5TH STREET
EUREKA, CA 95501

THE HUNTINGTON NATIONAL BANK
3 CASCADE PLAZA CAS56
AKRON, OH 44308

U S DEPARTMENT OF EDUCATION
C/O FEDLOAN SERVICING
PO BOX 790234
ST LOUIS, MO 63179